## McBride *versus* Daniels.

1. M. let to D. a farm for the term of two years. The latter agreed "to take all proper care of said premises, the same as a careful and prudent farmer should of his own property, and return the same at the end of said lease in as good condition as the same is received, except natural wear and unavoidable accidents." Also "to leave as many acres seeded down as there now are." A clause in the lease also gave M. the privilege of buying the hay and fodder on the premises, at the end of the term, at a discount of twenty-five per cent. below the market price. D., at the end of his term, brought suit to recover the price of the hay and fodder thus taken, and M., under a plea of set-off, offered to prove that D. suffered Canada thistles to grow and go to seed on the land ; that he pastured the meadow in sheep to such an extent as to destroy it; and that he did not leave as many acres in grass as there were when he took possession, with a view to showing a want of good husbandry and damage to the farm. *Held*, reversing the court below, that under the pleadings these offers should have been admitted.

2. Per MERCUR, J.—When the court is of opinion that the damages found by a jury are excessive, it may grant a new trial, unless a portion of the damages shall be remitted by the party in whose favor they were found, but there is no authority for the court to impose costs on the party asking for a new trial as a condition for granting it, if the court is satisfied that it committed an error on the trial to his prejudice.

November 27th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Crawford county*: Of October and November Term 1879, No. 210.

Assumpsit by W. W. Daniels against J. T. McBride. Appeal from the judgment of a justice of the peace. Defendant pleaded "non assumpsit, payment with leave, set-off, &c." McBride was the owner of a farm in Crawford county, in the year 1873. On the 27th of November of that year he demised said farm to Daniels, for the term of two years from the 1st of March following. Daniels, by the terms of the lease, agreed and covenanted "to take all proper care of said premises, the same as a careful and prudent farmer should of his own property, and return the same at the end of said lease in as good condition as the same is received, except natural wear and unavoidable accidents." In the lease it was also agreed that "in case he (Daniels) has any hay, straw or fodder at the end of said term which he raised on said premises, said first party (McBride) is to have the privilege of buying the same at twenty-five per cent. discount below the market price, at the end of the term." Daniels also agreed to leave as many acres of said farm seeded down at the end of the term as there were at the date of said lease, and to work said premises as a careful and prudent farmer.

This suit was brought by Daniels to recover the value of the hay and straw bought by McBride at the end of the term, under the terms of the lease.

[McBride v. Daniels.]

McBride had certain claims against Daniels, among which was a claim for damages arising from the breach of his contract in the lease. Under his plea of set-off McBride proposed to prove the breach of the covenants in the lease by Daniels and show the damages arising therefrom, and for this purpose made the following offers, both of which the court, Church, P. J., rejected: First, "To prove that the plaintiff premitted Canada thistles to grow and go to seed upon the farm, and that in consequence the property or the farm of defendant was greatly damaged. Offered as damages under the contract already in evidence."

Second. "To prove that the plaintiff pastured his meadow with sheep, and thereby destroyed said meadow; also, that plaintiff did not leave seeded down the ground which he agreed to seed, under his contract. Offered as damages under the contract already in evidence by way of set-off."

Verdict for plaintiff for $50. Defendant took this writ and alleged that the court erred in rejecting the above offers.

*J. B. Brawley*, for plaintiff in error.—By the violation of the covenants in the lease the defendant's farm was extensively and permanently damaged, and these damages were of such a character that the defendant was entitled to set them off against the plaintiff's claim upon the trial of the cause: Hunt *v.* Gilmore, 9 P. F. Smith 450; Halfpenny *v.* Bell, 1 Norris 128; The Domestic Sewing Machine Co. *v.* Saylor, 5 Norris 287.

*D. C. McCoy*, for defendant in error.—A motion for a new trial was made by McBride, which was granted by the court, on payment of the costs by him. These terms the court had a right to impose, and gave a good and substantial reason for doing so: Devinney *v.* Reeder, 1 P. & W. 399; Welsh *v.* Dusar, 3 Binn. 329; Ward *v.* Patterson, 10 Wright 374. Nearly four months elapsed and the costs were not paid. The court then, on motion, fixed a time for their payment within sixty days more. Some days after the expiration of the sixty days, the costs not being paid, judgment was taken on the verdict. This judgment is not erroneous. If any error had been committed, which is denied, it had been corrected by the court, by the party's own seeking, in conformity with law, and he must accept it.

Mr. Justice MERCUR delivered the opinion of the court, January 5th 1880.

This contention is between a landlord and a tenant. The plaintiff in error let to the defendant a farm for the term of two years. The latter, inter alia, agreed "to take all proper care of said premises, the same as a careful and prudent farmer should of his own property, and return the same at the end of said lease in as

good condition as the same is received, except natural wear ·and unavoidable accidents." Also at the end of the term "to leave as many acres seeded down as there now" are. A clause in the lease gave the landlord the privilege of buying the hay and fodder remaining on the premises at the end of the term, at a discount of twenty-five per cent. below the market price thereof. Under this privilege he bought, and this suit was brought by the defendant in error to recover the price thereof and for labor, repairs and damages. The pleas were non assumpsit, payment with leave, &c., and set-off. The first assignment is to the rejection of evidence offered to prove that the defendant in error permitted Canada thistles to grow and go to seed on the farm, and by reason thereof the farm was greatly damaged. The second assignment is to the rejection of evidence offered to prove that he pastured the meadow with sheep and thereby destroyed it, and substantially that he did not leave seeded down as many acres as required by his contract.

In deciding the motion for a new trial the court rather concedes there may have been error in rejecting the evidence as a set-off, and therefore awarded a new trial on payment of costs by the plaintiff in error. The latter refused it on the terms offered. When the court is of opinion that the damages found by a jury are excessive it may grant a new trial unless a portion of the damages shall be remitted by the party in whose favor they were found, but we know of no authority empowering the court to impose costs on the party asking for a new trial as a condition for granting it, if the court is satisfied it committed an error in the trial to his prejudice. The refusal of the court to grant a new trial cannot be reviewed here. We have referred to this action of the court only because it was cited by the counsel for the defendant in error, as a correction by the court of its own error, which the plaintiff in error refused to accept. It is not entitled to any weight in deciding the questions before us.

It is well known that the growth of any considerable number of Canada thistles on a farm may be very pernicious. Their tendency is to destroy all other vegetation. The offer here was to show that the tenant suffered them to grow and go to seed on the farm to such an extent that it was thereby greatly damaged. If this be so, then it is a question for the jury under the evidence to find whether in so permitting it to go to seed the defendant in error took "the same care of the premises as a careful and prudent farmer should of his own property." If he did not he is liable in damages. The same rule in principle applies in case he pastured the meadow with sheep to such an extent as to destroy it. He was bound to the exercise of good husbandry. That permitted a reasonable use of the meadow. If he disregarded his agreement to take the same care a careful and prudent farmer should of his own farm, by either causing it to be fed too close or at an unsuitable

[McBride *v.* Daniels.]

time so as to substantially injure it, or if he did not leave as many acres in grass as there were when he took possession whereby the plaintiff in error was injured, each of these presents a proper subject for damages.  Evidence of all these claims are admissible under the pleadings.   The learned judge therefore erred in rejecting the evidence offered.

Judgment reversed, and a *venire facias de novo* awarded.