[Appeal of Daniel Miller.]

management of the estate, as will entitle the parties in interest to demand security : Estate of Lilly Green, 3 Brewster, 427 ; McKennan *v.* McCahan, 2 Phila. R., 215.

MARCH 13TH, 1882.—PER CURIAM : The appellant used his ward's money and paid her the interest from time to time. He was her debtor, and it would be a very novel decision to allow him commissions upon his payments under such circumstances.

Decree affirmed and appeals dismissed at the costs of the appellant in each case.

JANUARY TERM, 1882, Nos. 339, 340.          FEBRUARY 28TH, 1882.

## Appeal of Daniel Miller.

1. A court is bound to protect parties from the negligence, mistakes, and errors of its officers, and the power should be liberally exercised where the rights of others do not intervene.

2. Where, in issuing a writ of *scire facias* upon a mortgage, which was a lien upon several properties, by mistake of the prothonotary one of them was omitted, and judgment was obtained, and under execution the properties described in the writ were sold, the sale did not discharge the lien of the mortgage upon the omitted property, so as to give priority to a subsequent judgment-creditor of the mortgagor.

Before SHARSWOOD, C. J. ; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Appeal of Daniel Miller, assignee for the benefit of creditors of Joshua Keely, from the decree of the Court of Common Pleas of *Berks County*, distributing the proceeds of the sheriff's sale of the real estate of Frederick S. Boas.

The facts, as agreed upon in the Court below, were as follows :

| John E. Hook *v.* H. D. Green, Administrator, etc., of John Boas, Jr., deceased, with notice to F. S. Boas, *terre tenant.* | *Lev. fa.* No. 21, Aug. Term, 1881. |
|---|---|

| | |
|---|---|
| Premises sold for | $2000 00 |
| Deduct costs, | 67 99 |
| | $1932 01 |
| Decreed to Hook mortgage, | 1360 72 |
| Balance for distribution, | $571 29 |

[Appeal of Daniel Miller.]

In 1864, John Boas, Jr., owned the property No. 318 South Third Street, Reading, by the sale of which by the sheriff, the fund for distribution was realized. On the 4th of April, 1864, Boas, then being owner, mortgaged the property to John E. Hook for $1000. In August, 1875, Boas died, having previous to his death conveyed the above property (subject to the Hook mortgage) to Frederick S. Boas in fee.

On the 31st day of January, 1876, Frederick S. Boas, then being the owner, gave a mortgage (with bond accompanying) to the Neversink Building and Savings Association for $12,500. Included in the mortgage were four properties of F. S. Boas, viz.; Nos. 318, 320, 322 and 324 South Third Street, on each of which was erected a two-story brick house, except No. 324, which was a vacant lot. A writ of *sci. fa.* was directed to be issued on this mortgage to August Term, 1879, No. 202, but by the mistake of the prothonotary the writ was issued only against properties Nos. 320, 322 and 324 South Third Street. In the writ of *sci. fa.* issued and served, property No. 318 was omitted. F. S. Boas did not make any defence, and on August 23d, 1879, judgment by default for want of an affidavit of defence was duly entered against the defendant for $3709.67. Upon this judgment a writ of *lev. fa.* to No. 17, December Term, 1879, was issued to the sheriff, the three properties described in the *sci. fa.* were duly advertised, and on November 29, 1879, were sold by the sheriff to Louis Kremp for $1000, subject to prior mortgages, and a deed for the premises was duly acknowledged and delivered to the purchaser. On the 21st day of July, 1879, a judgment was entered against F. S. Boas by Joshua Keely for $8000, to No. 204, June Term, 1879.

To April Term, 1880, a *sci. fa.* was issued on the Hook mortgage above described and judgment entered *de terris* for $1240. To 97, June Term, 1881, an alias *sci. fa.* was issued, and after making the administrator of John Boas, Jr., the defendant, judgment by default was taken for $1350 against the administrator *de bonis testatoris*, and judgment *de terris* by default for want of an appearance against the *terre tenant*. Under the *lev. fa.* issued to August Term, 1881, No. 21, on this judgment, the property No 318 South Third Street was duly advertised and sold to the Neversink Building and Savings Association for $2000, and a deed duly acknowledged and delivered to the purchaser. Of the fund in Court, amounting, after deducting costs, to $1932.01, the sum of $1360.72 was distributed to the owner of the Hook mortgage. The balance of the fund, to wit, $571.29, is contested by the Neversink Building and Savings Association and by

the assignee of Joshua Keely, each claiming to have the prior lien.

August 20th, 1881. The Court decreed the balance of $571.29 to the Neversink Building and Savings Association.

August 29th, 1881. The Court granted a rule to show cause why the decree in favor of the association should not be vacated and stricken off, and the same day a rule to show cause why the said sum of $571.29 should not be distributed to Daniel Miller, assignee of Joshua Keely.

The Court below, HAGENMAN, P. J., discharged the rules, saying, *inter alia* :

" By the sale of Nos. 320, 322 and 324 there was still a balance due and owing on the Neversink mortgage, and so long as that balance remains unpaid, it continues a lien on lot 318, or until discharged by a judicial sale, and when so discharged the money stands in place of the land, and no junior lien can interpose its right to it. The mere omission of the prothonotary to put lot 318 in the *sci. fa.* does not affect the lien of the mortgage. A mistake of an officer has never yet been held to invalidate or destroy a lien properly entered. Even the entry of satisfaction of a mortgage or judgment by mistake has been stricken off. A court is bound to protect parties from the negligence, mistakes and errors of its officers, and the power should be liberally exercised where the rights of others do not intervene. The proceeds, arising from the sale of lot No. 318 are in Court for distribution, and it would be a great wrong to the Neversink Building and Savings Association to give the money to the Keely judgment."

From this decree Miller appealed, assigning that the Court erred in discharging the rules, and in not making them absolute.

*A. G. Green* and *Frank R. Schell* for appellant.

1. The test of lien is the power to enforce its collection. If there is no process incident to the mortgage, after judgment has been duly entered thereon, by which the omitted property can be forced to execution and sale, its validity as a lien is gone. This principle has been repeatedly recognized in cases of mechanics' liens against county buildings, schoolhouses, and the necessary buildings of public corporations, such as railroads and canals: Wilson *v.* Commissioners of Huntingdon County, 7 W. & S., 199 ; see, also, Williams *v.* Controllers, 6 H., 275 ; Foster *v.* Fowler, 10 Sm., 27 ; Evans *v.* Railroad Company, 11 Pitts. L. J., 4.

2. After a judgment has been recovered on a mortgage by *sci. fa.*, the mortgage is merged in the judgment: But-

terfield's Appeal, 27 Sm., 200 ; Hartman *v.* Ogborn, 4 Sm., 120. While it is true that an action of debt, *sci. fa.* or ejectment can be brought on a mortgage, nevertheless, when one of the remedies is pursued, it is an abandonment of the others. So, debt or *assumpsit* may be brought on a promissory note; but when a plaintiff elects one remedy, he cannot adopt the other.

3. A judgment having been regularly entered on writ of *sci. fa.* issued on the mortgage, it is conclusive on the parties and cannot be inquired into collaterally except for fraud : Hartman *v.* Ogborn, *supra ;* Billings *et al. v.* Russell, 11 H., 189 ; Yaple *et al. v.* Titus *et al.,* 5 Wr., 195 ; Thompson's Appeal, 7 Sm., 175.

That a Court will relieve a party from the mistakes of its officers is not the question in this case. Such relief will undoubtedly be granted on proper cause shown. But what is not asked for the Courts do not grant, and to take that for granted which might be granted is a simple *petitio principii.* Had the Neversink Building and Savings Association asked the Court, even after judgment, to open the judgment with a view to amend the *sci. fa.,* it would, no doubt, have been done. After a sale of the property *sur lev. fa.* on the judgment and delivery of deed to purchaser, it seems to be too late : Ryan *v.* Casey, 3 Luz. L. Obs., 158. ·

*Daniel Ermentrout* and *James N. Ermentrout* for the appellee.

The mortgage being a lien by express provisions of the statute, has any one, either officer or holder, cancelled the lien ? It admittedly was not paid. No process of court has cancelled it ; nor can its cancellation be procured. By the Act of May 28, 1715, section 9, 1 Sm., 95, the mortgagee can only be required to cancel after he has received full satisfaction and payment. And by the Act of April 11, 1856, section 1, P. L., of 1856, p. 304, it is only " where amount due on any mortgage or judgment entered of record, together with interest and cost, shall have BEEN PAID to the legal holder, and the judgment and mortgage and accompanying bond duly indorsed in the presence of two witnesses that the same are satisfied and discharged," shall be produced to the proper officer, and after special certificate of the president judge, that the proper officer can satisfy the lien.

Was the lien discharged by reason of the *scire facias* and *levari facias* of No. 17, December Term, 1879 ?

The proceeding upon a mortgage is a proceeding against the property itself, not against the individual. The judgment is and can be only against the property set forth in the

25 SUPREME COURT [*Philadelphia,*

writ. So far as affects Boas, the terre-tenant, the judgment is *de terris* against the land. The *sci. fa.* as issued did not warn him as against this No. 318 property. Judgment was, therefore, only against the rest of the property. There could be neither judgment, nor merger of the mortgage into any judgment, as to No. 318.

What was there to prevent an *alias scire facias* in this same proceeding so as to reach No. 318? When one of two defendants has not been served, judgment is rendered against one, and an *alias* writ issues until requisite service and judgment be obtained against the other.

MARCH 13TH, 1882.—PER CURIAM: This decree is affirmed upon the opinion of the learned judge in the Court below.

Decree affirmed, and appeal dismissed, at the costs of the appellant.

---

JANUARY TERM, 1881, No. 191.  MARCH 1ST, 1882.

# Philadelphia and Reading Railroad Company *versus* The Commonwealth.

1. A ward who accepts, after he becomes of age, land adjudged to the guardian in proceedings in partition, takes it subject to the lien of a recognizance given by the guardian for owelty, and his alienee is bound though the guardian at the time of the partition was also guardian for the other heirs interested in the land.

2. In a proceeding to charge the *terre tenant,* who purchased from the ward after he became of age, with the recognizance given by the guardian, it is not necessary to make the guardian a party.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Berks County.*

*Scire facias sur* recognizance by the Commonwealth of Pennsylvania for the use of Mahlon Mengel against Harrison Mengel, with notice to the Philadelphia and Reading Railroad Company, *terre tenant.*

Upon the trial in the Court below, before SASSAMAN, J., the facts appeared as follows:

Benjamin Schaeffer was the guardian of Harrison, Achatias, and Amalias Mengel, three children of Daniel Mengel, deceased. In 1867 the widow and guardian joined in proceedings in the Orphans' Court for the partition of the real