## CREW, LEVICK & CO. v. ELLEN E. McCAFFERTY.

ERROR TO THE COURT OF COMMON PLEAS NO. 4 OF PHILA-
DELPHIA COUNTY.

Argued January 30, 1889—Decided February 11, 1889.

1. While a court may so amend its record as to make it conform to the truth, even after the term has expired or writ of error lodged, yet it has no power to make an alteration which is not an amendment and is without anything upon the record to support it.

(a) A rule for a new trial was discharged on condition that the plaintiff file a remittitur within ten days, and in copying the order upon the docket the clerk omitted the words, "within ten days."

(b) On the thirtieth day thereafter, the plaintiff filed the remittitur and caused judgment to be entered for the amount limited, and subsequently, upon a rule to strike off the judgment, the court directed the original order to be corrected so as to read, "within thirty days."

2. The latter order was an alteration, not an amendment, and its effect was to deprive the defendant of a new trial, the right to which had become absolute and beyond the power of the court to interfere with it, and was therefore error.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 39 January Term 1889, Sup. Ct.; court below, No. 652 March Term 1886, C. P. No. 4.

On January 21, 1887, an action of assumpsit brought by Ellen E. McCafferty against J. Lewis Crew and others, trading as Crew, Levick & Co., was tried and the jury returned a verdict in favor of the plaintiff for $113. On January 25th, the defendants moved for a new trial and a rule was granted. On

March 21st, after argument before the court in banc, THAYER, P. J., the following order was made and entered upon the minute book:

"March 27, 1887. Rule discharged, on condition that the plaintiff within ten days file a remittitur for all damages over $75; otherwise, rule absolute."

In transcribing this order upon the court docket, the clerk omitted the words, "within ten days," therefrom.

On April 20, 1887, the plaintiff filed a remittitur for all damages above $75, paid the jury fee and caused judgment to be entered. Afterwards, the defendants' counsel called the attention of the clerk to the order as entered upon the minute book, when the clerk interlined upon his docket the words, "within ten days," after the word, "plaintiff."

On July 6, 1888, the defendants' counsel obtained a rule to show cause why the judgment should not be stricken off, and on September 22, 1888, THAYER, P. J., the rule was discharged and the following order made:

"September 25, 1888. It is now ordered that the record of this court made March 21, 1887, be corrected so as to read: Rule discharged, on condition that the plaintiff within thirty days file a remittitur for all damages over $75 and costs; otherwise, rule absolute."

Thereupon the defendants took this writ, assigning as error:

1. The entry of the judgment of April 20, 1887.
2. The refusal to strike off said judgment.
3. The order of September 25, 1888.

*Mr. Theodore F. Jenkins*, for the plaintiffs in error:

By the order of March 21, 1887, the matter became res adjudicata, and, unless the plaintiff within ten days from that date filed her remittitur, the rule for a new trial became absolute and the verdict was set aside. There can be no doubt of the power to make the order: McBride v. Daniels, 92 Pa. 332, 334. The new trial having been granted by a court having full power to do so, the defendants could not be deprived of a right thus lawfully acquired, by an attempt of the court to reverse its own order: Van Vliet v. Conrad, 95 Pa. 494; Ullery v. Clark, 18 Pa. 148, 149.

*Mr. H. W. Gimber*, for the defendant in error:

To amend or alter the records rests within the sound discre-- tion of the court, and is not the subject of appeal or writ of error: Kendig's App., 88 Pa. 68. In cases of fraud, and for the correction of the misprision of a clerk, lapse of time appears to be no bar. Even after judgment is entered, the court have a right to amend the verdict entered to make it conform to the verdict rendered: Smaltz v. Hancock, 118 Pa. 558.

OPINION, MR. CHIEF JUSTICE PAXSON:

The plaintiff below recovered a verdict for $113. The defendants obtained a rule for a new trial, and after argument the court made the following order: " March 21, 1887 ; rule discharged on condition that the plaintiff within ten days file a remittitur for all damages over $75, otherwise rule absolute.

There is no doubt as to the power of the court to make this order. It may impose terms upon granting a new trial, and this is the constant practice : McBride v. Daniels, 92 Pa. 332.

The plaintiff attorney filed a remittitur in accordance with the above order on April 20, 1887. This, it will be observed, was not within ten days, and the rule for a new trial consequently became absolute. Next in point of time followed the order of court which is the subject of the present contention. It is as follows : " And now, to wit, September 22, 1888, it is ordered that the record be corrected so as to read : Rule discharged on condition that the plaintiff within thirty days file a remittitur for all damages over $75 and costs ; otherwise rule absolute." This was eighteen months after the original order had been made and several terms had intervened.

We have no doubt of the power of the court to amend its record so as to make it conform to the truth, even after the term has expired, or writ of error lodged in the office. The wealth of authority upon this question is so great that it is almost unnecessary to draw upon it. I will refer only to two of our latest cases: Cohn v. Scheuer, 115 Pa. 178 ; Smaltz v. Hancock, 118 Pa. 550. If, therefore, the order of September 22, 1888, was an amendment of the record, the case would be free from difficulty. But it was not in any sense an amendment. There was nothing upon the record to amend by. It is conceded the original order of court specified ten days as the

time within which the remittitur should be filed. It is true the words "ten days" were omitted from the order as copied upon the appearance docket. That was a mistake of the clerk which the court had the power to amend at any time. This amendment appears to have been made, as the words "ten days" are interlined on the docket. But the entry of September 22d was an original order, with nothing upon the record to support it. It was an alteration, not an amendment, the effect of which was to deprive the defendants of their right to a new trial, which right, by reason of the lapse of time, had become absolute and beyond the power of the court below to interfere with it.

> The judgment is reversed, and a venire facias de novo awarded.