## Christ et al. *v.* Dubosky.

*Courts—Records—Erroneous entries—Power to correct—Rubber stamping of date—Slipping of stamp—Impression of wrong month —Evidence—Sufficiency.*

1. Every court of record is the guardian and judge of its own records and is clothed with full power to control and inquire into them and to set them right if incorrect.

2. Where in a proceeding to strike off a mechanic's lien for matter appearing of record, the docket showed that the lien was filed July 7, 1913, and that the notice was not filed until August 18, 1913, but the lower court found on convincing evidence that the return of service had actually been filed July 18, 1913, but through

an error had been docketed as of August 18, 1913, as the result of the slipping of the rubber dating stamp, and the court discharged the rule without correcting the record, the record was remitted by the Supereme Court with instructions that the record be amended and that the application to strike off the lien then be discharged.

Argued March 18, 1918. Appeal, No. 1, Jan. T., 1919, by The First National Bank of Tamaqua, from decree of C. P. Schuylkill Co., Sept. T., 1913, No. 1, refusing to strike off a mechanic's lien, in case of C. E. Christ, L. L. Wetzel and D. J. Artz, trading as the Tamaqua Construction Company, v. Anthony Dubosky. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Record remitted.

Rule to show cause why a mechanic's lien should not be stricken off for matters appearing of record.

BECHTEL, P. J., filed the following opinion:

This case comes before us on a rule upon the plaintiff to show cause why the mechanic's lien should not be stricken from the record for matters appearing of record, to wit: said mechanic's lien was filed on the 7th day of July, 1913, and entered in Mechanic's Lien Docket No. 15, page 70; that notice to the owner defendant and affidavit of service thereof upon him was not filed of record within one month of the time within which said lien was filed, namely July 7, 1913, said notice and affidavit of service having been filed, as appears of record, on August 18, 1913. To this rule an answer was filed alleging, inter alia, that the notice of filing was served on the defendant on July 16, 1913, and sworn return of said notice was filed in the office of the prothonotary on July 18, 1913, and that the date of filing of said return of service appearing thereon, namely August 18, 1913, was mistakenly or erroneously placed thereon by the prothonotary. Upon this rule and answer depositions were taken during which the testimony of the prothonotary, R. J. Graeff (the attorney who filed the return of service of the no-

tice) and two experts were taken. The filing endorsed on the return of service was made by rubber stamp with movable date, and it is claimed that in the use of this stamp the word "August" slipped around and was imprinted on the paper where it should have been "July," making the date of filing read August 18th instead of July 18th. The prothonotary testified that it is his belief that this occurred, and that the date of filing is erroneous. The attorney testifies that he placed the return of service in an envelope addressed to the prothonotary, which was mailed by himself, or under his direction, on the 17th of July. The return was not accompanied by any letter. It is manifestly impossible that any one could testify absolutely that the date was an error, because had the error been discovered, it would have, in all probability, been corrected. The expert called in behalf of the plaintiff testifies that the person using the stamp exerted the greatest pressure on the top thereof and that he is of the opinion that this pressure resulted in the gradual drawing of the word "Aug." into the face of the stamp and testifies to some measurements that he made relevant thereto.

An investigation of this matter disclosed that there were three writs filed in the prothonotary's office, Nos. 10, 11 and 12, September Term, 1913, which were marked filed with the same stamp, August 18, 1913, and that this filing is a mistake. It is admitted that the date should have been July 18, 1913. An inspection of the stamps on these three writs, together with the impression upon the writ involved in the case at bar, discloses the fact that the word "August" and the figure "1" is not in alignment with the rest of the stamp, being considerably below the line. It seems to us very persuasive evidence that these impressions were made at the same time, as it would be almost impossible that this month and figure should be out of alignment in almost exactly the same way one month later as it was on the date the impression was made on the first three writs. It is contended that the

evidence in the case should be at least clear, precise and indubitable, as its purpose is to reform a written instrument. We cannot agree with this contention. This is not a case in which a written instrument is sought to be reformed, but a case in which the court is asked to reform the date of filing of a record to conform to the truth, and it seems to us the measure of proof is quite different.

In City v. Gault, 8 W. N. C. 14, it is said: "The question is only as to the power of the court to amend its records. Of this there can be no doubt, and as it is quite clear from the record that a judgment was rendered which the clerk neglected to enter upon the appearance docket, it is a proper case for the exercise of amendment."

·  In Sheip & Co. v. Price, Page & Co., 3 Superior Ct. 1, it is said: "Every court of record is the guardian and judge of its own records. It is clothed with full power to control and inquire into them, and to set them right if incorrect. It is much to be deplored that in interlineation, an alteration, or an erasure should ever appear upon a judicial record, but it would be intolerable to hold that a party in no way responsible for the keeping of the records must explain it or be deprived of the rights which the record was intended to give him."

In Rice v. Constein, 89 Pa. 477, it is said: "The error of a prothonotary of the Common Pleas, who was also the prothonotary of the district court, in filing in the latter a report of viewers and an appeal therefrom, required to be filed in the Common Pleas, will not deprive a party of his right of trial by jury upon complying with the requirements of the law on his part."

There can be no question of the right of the court to direct the amendment of this record to conform to what the court finds to be the true state of facts relative to the filing of this notice. A careful review of the testimony and the exhibits in the case has led us to the conclusion that the date of filing, as endorsed upon this notice, is an error, and that the true date should have been July 18,

1918.]   Assignment of Error—Opinion of the Court.

1913.   This being so, we feel constrained to dismiss the rule granted in this issue.

The court discharged the rule.   Defendant appealed.

*Error assigned* was the order of the court.

*John B. McGurl*, for appellant.

*Arthur L. Shay*, with him *R. J. Graeff*, for appellant.

PER CURIAM, May 6, 1918:

The learned court did not err in finding that the true date of the filing of the notice of service that the mechanic's lien had been filed, was July 18, 1913, but, before discharging the rule to show cause, the record ought to have been properly amended.   If it had been so amended, this appeal would be dismissed.

And now, May 6, 1918, it is ordered that the entire record be remitted to the court below, that it may amend its record as indicated, and, when so amended, the rule to show cause will be properly discharged.