## Weiser v. Seaboard Steel Corporation.

*Mechanics' liens—Notice of filing lien—Filing of affidavit of service within one month—Failure of prothonotary to record—Petition to amend record.*

Plaintiff filed a mechanic's lien against defendant's property on June 13, 1919, and notice of its filing was served on defendant by the sheriff, who, on July 7, 1919, executed an affidavit of service and left it with the prothonotary's office for filing. The paper presumably became lost and no record of the filing was made. Subsequently the real estate covered by the lien was sold at receiver's sale, and, prior to the distribution of the fund, the defendant filed a petition to strike off the lien because of the failure of the record to show the filing of the affidavit within one month after the filing of the lien. The plaintiff thereupon filed a petition, praying that the record be amended so as to show the filing of the notice and return of service thereof as of the time when the sheriff actually left it in the prothonotary's office: *Held,* that the requirement of section 21 of the Act of June 4, 1901, P. L. 431, as amended by the Act of April 5, 1917, P. L. 42, was mandatory, subject to the power of the court to grant relief, where to hold the party to the strict letter of the statute would lead to inequitable results, and that to strike off the plaintiff's lien in this case would be to penalize him for an accident for which he was in no degree accountable. The rule to amend the record was made absolute and the rule to strike off the lien was discharged.

Rule by defendant to strike off lien. Rule by plaintiff to amend record. C. P. Berks Co., June T., 1919, No. 2, M. L. D.

*E. H. Deysher* and *Fox & Geyer,* for plaintiff.

*Cyrus G. Derr* and *Brown & Williams,* for defendant.

ENDLICH, P. J., Nov. 21, 1921.—This is an application on the defendant's part to strike off a mechanic's lien on the ground of alleged failure of the claimant to comply with all the requirements of section 21 of the Act June 4, 1901, P. L. 431, as amended by the Act of April 5, 1917, P. L. 42; and an application on the claimant's part for leave to amend. The lien was filed on June 13, 1919, and there seems to be no question concerning the form or sufficiency of the notice of its filing, and no denial of proper service of the notice within one month, as prescribed by the enactments referred to. These matters, however, are not made to appear on the record by any affidavit found filed in the office of the prothonotary within that time, as ordained by the statute. It is upon this circumstance that the application to strike off is predicated. The claimant, being advised in time by the sheriff (who was charged with the duty of serving the notice) that these requisites had been complied with, did nothing further until the property came to be sold in a receivership in the United States District Court, where a decree was entered that a certain mortgage being foreclosed was a first lien. The claimant presented his petition in that proceeding, traversing that part of the decree, which was thereupon modified so as not to affect the right of the claimant to contend that his lien antedated the mortgage because relating back to the commencement of the work upon the ground. The property was then sold, and upon the distribution of the fund in the United States District Court it was for the first time discovered that there was no notation on the proper docket of the ser-

vice of notice of filing the mechanic's lien, and a search failed to disclose any affidavit of such service in the files. The claimant then, on April 4, 1921, filed a carbon copy of the original notice, together with an affidavit by the sheriff, setting forth the fact and manner of service of the notice on July 5, 1919, and had the same noted upon the docket, to supply the loss of another copy of the notice and a similar affidavit which the sheriff had left in the prothonotary's office for filing on July 7, 1919. Subsequently, on April 29, 1921, the claimant presented a petition, praying "that the said return thus filed under date of April 4, 1921, be ordered and directed to be filed *nunc pro tunc* as of July 5, 1919, and the record in this case be amended so as to show the filing of the said notice and return of service thereof as of July 5, 1919," whereupon a rule was granted. In the meanwhile, on April 26, 1921, the defendant obtained the rule to strike off the lien.

Such, briefly stated, are the allegations of the claimant, and it seems impossible to carefully read the depositions taken in this proceeding without reaching the conclusion that this statement represents the substantial truth of the case. If so, it follows that no carelessness or intentional non-performance of the statutory duty can be ascribed to the claimant, and that everything required by the statute was done and substantially performed, with the exception of the technical incident of making the record show the service of notice of filing the lien. It is contended on the part of the defence that this omission cannot be cured, but is fatal to the validity of the lien; whilst, on the other side, it is contended that this result does not necessarily follow and ought not in justice to follow in this instance.

The question has been raised and considered in a number of cases in various Common Pleas Courts of the State, some holding that the requirement of the statute is absolutely imperative and its non-observance absolutely fatal—others, that its enforcement is discretionary with the court—and still others, that the courts may for equitable reasons relieve against it. Without going into an analysis of each one of the cases, the following decided at *nisi prius* may be regarded as supporting the contention of the defence: Compton *v.* Sankey, 13 Dist. R. 535; Crider *v.* McCafferty, 13 Dist. R. 633; Walter *v.* Powell, 13 Dist. R. 667; Mock *v.* Roscoe, 14 Dist. R. 774; Hicks *v.* Riebling, 54 Pitts. L. J. 109; Craighill *v.* Cawley, 64 Pitts. L. J. 796; Flenagin *v.* Kearns, 66 Pitts. L. J. 848. Of these, possible exceptions and modifications are recognized in Compton *v.* Sankey, *supra*, and Mock *v.* Roscoe, *supra*, on equitable grounds. On the other side may be cited Gerrard *v.* Ecker, 12 Dist. R. 332; Nagle *v.* Saengerbund, 14 Dist. R. 472; Killen *v.* Carson, 21 Dist. R. 787; Lumber Co. *v.* Turnbach, 30 Pa. C. C. Reps. 408; Hicks *v.* Riebling (supplemental opinion), 54 Pitts. L. J. 109. The statute has also been passed upon in the appellate courts. In O'Kane *v.* Murray, 252 Pa. 60, where no notice appeared to have been given to the owner, but service was accepted by his counsel, it was held that this was insufficient and afforded ground for striking off the lien. This decision must, however, be read together with Christ *v.* Dubosky, 261 Pa. 297, where the lien was filed July 7, 1913, and the return of service of notice was actually filed July 18, 1913, but through an error had been docketed as of Aug. 18, 1913, as the result of the slipping of the rubber dating stamp, and the Supreme Court ordered the proper correction to be made, and refused to strike off the lien. See, also, Thirsk *v.* Evans, 211 Pa. 239. In Thompson *v.* Radell, 42 Pa. Superior Ct. 105, the decision was against the validity of the lien, but a possibility of escaping from that conclusion is recognized, though only "for the sake of the argument."

1 D. & C.

Weiser *v.* Seaboard Steel Corporation.

Taking all these decisions together, it would seem that the result of their teaching is that the requirement of section 21 is mandatory, subject to the power of the court to grant relief, where to hold the party to the strict letter of the statute would lead to inequitable results. To do so in this instance would seem clearly to lead to such. The claimant was advised by the officer who had the matter in charge that the notice had been served and filed, as in truth it had been. The officer, leaving the paper in the prothonotary's office, did everything that he could do short of interfering with the files or records themselves, which would, of course, be intolerable. For the disappearance of the paper the claimant was not responsible. To strike off the plaintiff's lien . because of what happened in this case would be to penalize him for an accident for which he was in no degree accountable. Moreover, the effect would probably be to rob him of his only security for what is owing to him, and of the means of enforcing payment; whereas, the refusal to strike off will do no ultimate harm to any one. Under these circumstances it would seem that the duty of the court is clear, viz., in accordance with the practice indicated in Christ *v.* Dubosky, 261 Pa. 297, to make the rule for an amendment of the record absolute, and thereupon to discharge the rule to strike off the lien.

The rule to amend the record is made absolute, and thereupon the rule to strike off the lien is discharged.

From Wellington M. Bertolet, Reading, Pa.