## Germantown Trust Co. v. Buckley et al., Execs.

*Elton J. Buckley*, for petitioner; *Bevan A. Pennypacker*, for respondent.

MacNEILLE, J., July 3, 1934.—This is a rule and petition of the defendant to expunge a lien from a judgment index.

Edward R. Tourison, Jr., died January 26, 1933, testate. Because of void bequests there followed intestacy, and Sarah C. Tourison takes the residue in fee.

The personal property being insufficient to pay the debts, plaintiff, Germantown Trust Company, began an action against the executors on September 14, 1933, to the present term and number, to recover $12,976.10. As provided by the Fiduciaries Act of 1917, sec. 15, the plaintiff filed with its præcipe for summons an order on the prothonotary to index its action against the name of decedent and the executors or administrators in the judgment index in the

County of Philadelphia where the suit was brought and in which the real estate to be charged is situate. The action was brought within a year of the decedent's death, as is required by the act of assembly, and no question is raised as to its prosecution. However, the prothonotary neglected or failed to index the action, as required to do by the præcipe filed, until June 18, 1934, at which time his attention was called to his neglect or failure. The petitioner now asks that this entry by the prothonotary be expunged from the record.

We are of the opinion that the prothonotary was performing his duty, and properly exercising his authority, in correcting the judgment index when his attention was called to his error. The plaintiff had done everything that it was required to do under the act of assembly; its præcipe was properly filed, and the mistake was the prothonotary's. Under these circumstances, if the plaintiff had sought the court to make an order upon the prothonotary to amend his record in this regard, the court would undoubtedly be under an obligation so to order the prothonotary. See Miller's Appeal, 2 Penny. 72, and Christ v. Dubosky, 14 Schuyl. 114, and, on appeal, 261 Pa. 297.

The petitioner argues that because of the effects and consequences of this action the entry should be expunged. She calls attention to the fact that after the instant suit was brought, and before the prothonotary made his entry, some of the real estate belonging to the decedent was bought and is now in the hands of the grantee, who is innocent in the matter; that because an examination of the judgment index by that grantee did not reveal the entry he should not now be bound by this entry which was made nunc pro tunc. In this we think the petitioner is correct. We think the grantee, if innocent in the matter, is not bound by the entry. It is possible that he may need to have the property relieved from the consequences of this judgment index; if so, he may come into court on appropriate petition, and we will pass upon the merits of his contention.

Of the classes of persons who may need relief from the consequences of the prothonotary's failure to index properly, there are several. One illustration is an innocent purchaser of real estate. We have already indicated that such an innocent purchaser probably has a remedy to which we have referred.

Petitioner calls attention to another class represented by the petitioner, who is an heir of decedent. It is not clear to us how she has been damaged, but if so it may be that she can recover against the prothonotary for any damage that is consequent upon the failure to index, or it may be that upon proper petition the court may release her holdings from any lien based upon a nunc pro tunc entry.

Another class which may be injured is illustrated by the plaintiff in this suit. The plaintiff corporation apparently did all it was required to do, and if it suffers as a result of the prothonotary's failure it may, upon proper showing of damage, recover against the prothonotary. In saying this, we are not unmindful of the fact that the plaintiff must suffer for any neglect on its part. It seems to be the plaintiff's duty to make an examination of the record for itself to see if the prothonotary has properly made the entry in the judgment index. See opinion by Mr. Justice Walling, then president judge of the Erie County court, in Rusterholtz v. Brown, 10 Dist. R. 21.

We think that if the rights of any of the parties concerned are interfered with by the prothonotary's entry, there is ample remedy for anyone who is damaged thereby.

Wherefore, the rule is discharged.