## Gauz's Petition

*Ben Goldberg*, for petitioner.

VALENTINE, J., June 14, 1938.—Petitioner was naturalized by this court on November 19, 1924. In his application for citizenship papers he stated that he was born December 28, 1874. On December 2, 1937, he presented his petition averring that the correct date of his birth was

January 15, 1879, and that through a mistake his application erroneously set forth that he was born on December 28, 1874. He prayed that his application be amended by substituting the later date for the earlier one. The motion to amend is objected to by the representative of the Philadelphia District of Immigration and Naturalization.

Courts of record have power to correct their records in the interest of justice: 1 Standard Pennsylvania Practice 291, sec. 360, and may direct their amendment to conform to the true state of facts: Christ et al. v. Dubosky, 261 Pa. 297; Boyd's Estate, 25 Luz. L. R. Rep. 319; although the term at which the order was made has expired: Crew, Levick & Co. v. McCafferty, 124 Pa. 200.

In In re Holland, 237 Fed. 735, it was held that where an alien had been naturalized under one name, the court was without authority to amend the record so that it conformed to the real name of the petitioner, where it appeared that the name given by the applicant was not the result of a mistake, but was one under which the applicant was known.

In Macoluso's Naturalization, 237 Pa. 132, it was held that the court of common pleas had authority to annul a forged certificate of citizenship and direct that it be surrendered for cancellation.

The relief sought by petitioner is, in effect, an appeal to the equitable powers of the court. The allowance of the amendment would in nowise alter or set aside the order or decree of the court by virtue of which the applicant was made a citizen of the United States. It would simply change the date of applicant's birth set forth in the application and could have no effect upon the jurisdiction of the court. United States v. Mayer, etc., 235 U. S. 55, and Bronson v. Schulten, 104 U. S. 410, relied upon by counsel for the Government, are not decisive of the question here involved.

The letter written to petitioner by his sister reveals that the birth records of petitioner and his sister were destroyed during the war. The letter contains definite in-

formation as to petitioner's age. We do not see that the Government can be harmed by the allowance of this amendment, and although the application might have been made at an earlier date after petitioner acquired knowledge as to the correct date of his birth, no one has been prejudiced by the delay.

It is directed that the application for a certificate of naturalization of petitioner, Oscar Abraham Gauz, recorded in Naturalization Docket, Vol. 48, Petition no. 11994, and filed in this court December 20, 1918, and granted November 19, 1924, be amended so that paragraph 3 of said petition shall read that petitioner was born on January 15, 1879, at Vilna, Lithuania, Russia.