## Knox's Petition

*Robert L. Wallace,* for petitioner.

*James W. Rhodes* and *Errol Fullerton,* for exceptants.

BRAHAM, P. J., November 21, 1942.—The report of viewers regularly appointed to report on an application to lay out a private road is excepted to on the ground that the order to view bore the seal of the orphans' court instead of the quarter sessions. When the error, admittedly a clerical one, was first brought to light by the exceptions the petitioner moved to amend

by substitution of the seal of the proper court. Exceptants resist and the matter is before the court en banc for decision.

Upon examination it is found that a petition for viewers was regularly presented and three viewers chosen from the board of county viewers were appointed. It appears also that the clerk of the court of quarter sessions prepared a paper entitled an "order to view," reciting the proceedings in the court of quarter sessions and itself captioned as being in that court. The clerk signed as "Clerk". The seal only is erroneous. (The same person is clerk of the orphans' court and of the quarter sessions.)

The record may be amended. Every court has an inherent power to correct its own records: Christ et al. v. Dubosky, 261 Pa. 297; Standard Pa. Practice 290, par. 358; 10 A. L. R. 526, anno. This is subject to the provision that when the record is silent on a matter and there is nothing to amend the court may not at a later date supply the deficiency in the guise of an amendment: Crew, Levick & Co. v. McCafferty, 124 Pa. 200; Ferenczi's Petition, 37 D. & C. 637. Here an order appointing viewers was made by the proper court; the entire proceedings are regular—except that someone affixed the wrong seal—the parties in interest proceeded to appear and take testimony under the authority of the viewers and a decision was rendered in due course.

The case nearest in point with the one at bar is Road in Upper Tyrone Township, 3 Walker 319, decided by the Supreme Court in 1884. The per curiam opinion states the facts and the law as follows (p. 320):

"There is an irregularity in this record, yet nothing incurably bad. There was an omission to affix the seal to the order to view, yet it was signed and otherwise duly attested by the Clerk of the Quarter Sessions. No motion was at any time made to quash the order by reason of the absence of the seal. Had it been made the Court

410

might have ordered it to be affixed as of the date of its issue. The order to review had the seal of the Court duly affixed. After that was acted upon by the reviewers and returned to the Court it was too late to except to the original view on the ground that no seal was affixed to the order first issued".

The cases relied upon by the exceptants are distinguishable. In Benjamin v. Armstrong et al., 2 S. & R. 392, the writ of ejectment bore the seal of the proper court but the clerk had not signed; the seal itself identified the court. In Bryson's Road, 2 P. & W. 207, the precept to view was not signed by the clerk, no seal was attached and the viewers were not sworn until the end of the proceedings; the failure to swear the viewers alone was fatal. Indeed, there was no real record to amend because the precept was signed by no one and not sealed. In Road in Paradise Township, 15 Dist. R. 953, the precept to view was neither signed nor sealed and in Buehler v. Paxson et al., 33 D. & C. 583, the writ in trespass bore no seal and the signature of one who was no longer president judge. In Road in Lower Towamensing Township, 10 Dist. R. 581, there were a number of defects. The court ruled that the presence of the seal of the common pleas instead of the quarter sessions was fatal, a conclusion not necessary to a decision of the case and contrary to the weight of authority and in particular to the rule of Road in Upper Tyrone Township, from which we have quoted above.

Entertaining these views we make the following

*Order*

Now, November 21, 1942, the petition to amend by substituting the seal of the Court of Quarter Sessions of Lawrence County, Pa., for the seal of the Orphans' Court of Lawrence County, Pa., on the "order to view" which was issued in this case and is found attached to

the return of the viewers is hereby granted and the clerk of the court of quarter sessions is directed to make the correction which shall be effective as of August 19, 1942.