## Thompson, Appellant, v. Radell.

*Mechanics' lien—Affidavit of claimant—Act of June 4, 1901, sec. 21, P. L. 431.*

The requirement of twenty-first section of the mechanic's lien Act of June 4, 1901, P. L. 431, that the claimant shall within one month after filing the claim file of record in the proceedings an affidavit setting forth the fact and manner of service of notice upon the owner of the filing of the claim, is a prerequisite to the validity of the lien.  If it is not complied with the lien will be stricken off.

Argued Dec. 7, 1909.  Appeal, No. 59, Oct. T., 1909, by plaintiffs, from order of C. P. Montgomery Co., June T., 1908, No. 21, making absolute rule to strike off mechanic's lien in case of Samuel H. Thompson and Albert H. Wills, trading as Thompson and Wills v. Frederick W. Radell, owner or reputed owner and Phœnix Wood Working Co., contractor. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Rule to strike off mechanic's lien.  Before SWARTZ, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule to strike off mechanic's lien.

*Henry Freedley*, with him *E. L. Hallman*, for appellant.

*Wayne P. Rambo*, with him *Franklin L. Wright* and *Nicholas H. Larzelere*, for appellee.

PER CURIAM, March 3, 1910:

We have naught to do with the wisdom of the requirement of the twenty-first section of the Act of June 4, 1901, P. L. 431, that the claimant shall within one month after filing of the claim file of record in the proceedings an affidavit setting forth the fact and manner of service of notice upon the owner of the filing of the claim. The legislature deemed it a wise requirement, and that ought to be conclusive of the question of the necessity of complying with it. And even if the question of the reasonableness of the provision were open to discussion, valid reasons could be given in support of it.

There is nothing in the nature of the provision, or in the context, to indicate that it is less imperative than the provision as to giving notice. If, as the appellants' counsel contends, it was intended by the legislature that to justify the court in striking off the claim both notice and affidavit must be lacking, it is reasonable to suppose that the words "and file an affidavit" would have been omitted from the last clause of the section. The natural and reasonable construction of the whole section is that compliance with both requirements is essential in order to prevent the striking off of the claim.

Granting, for the sake of the argument only, that the last clause simply vests discretionary power in the court to strike off the claim, it does not appear that this power was not wisely exercised.

For a full discussion of the question raised by the appeal, we refer to the clear and satisfactory opinion of the learned judge of the common pleas.

The order is affirmed.