# Lilly *v.* Jaggard, Appellant.

*Mechanic's lien—Affidavit of service of notice—Act of June 4, 1901, P. L. 431—Judgment—Affidavit of defense.*

An appeal from an order making absolute a rule for judgment for want of a sufficient affidavit of defense on a scire facias sur mechanic's lien, will be affirmed, where it appears that the defense was that no affidavit of service had been filed within one month after the filing of the lien as required by the Act of June 4, 1901, P. L. 431, but the record shows that the court had made an order permitting such an affidavit to be filed nunc pro tunc, had subsequently refused to vacate such order and quash the scire facias, that no error had been assigned to such action of the court, and that the petitions and answers on

which such orders had been made were not printed in the appellant's paper-book.

Argued Oct. 4, 1911.   Appeal, No. 288, Oct. T., 1910, by Daniel McLean, from order of C. P. No. 5, Phila. Co., June T., 1908, No. 243, M. L. D., making absolute rule for judgment for want of a sufficient affidavit of defense in case of William S. Lilly v. Jos. J. Jaggard, owner or reputed owner.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, and PORTER, JJ.   Affirmed.

Rule for judgment for want of a sufficient affidavit of defense on scire facias sur mechanic's lien.

. The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Frank Hasson*, with him *James E. Clark*, for appellant.

No printed brief for appellee.

OPINION BY RICE, P. J., March 1, 1912:

Counsel for appellant state the question involved to be, "Was the affidavit of defense sufficient?"   This mode of stating the question or questions involved is scarcely such as to indicate the specific question raised.   But we gather from the second assignment of error and the printed argument of appellant's counsel, that the precise question sought to be raised is, whether the averment of the affidavit of defense, that the claimant failed to file an affidavit of service of notice of filing mechanic's claim within one month after the claim was filed, as required by the act of June 4, 1901, was sufficient to prevent judgment.   Notwithstanding the case was submitted, on appeal, without oral or printed argument on the part of the appellee, we conclude, upon deliberate consideration, that it is incumbent on us to take notice of the state of the record, as printed in the appellant's paper-book, at the time the affi-

davit of defense was filed, and to consider the question in the light of what there appears. The docket entries show that, upon petition of the plaintiff, the court permitted him to file, nunc pro tunc, affidavit of service of notice of filing lien; that after it was filed, the appellant obtained a rule on the plaintiff to show cause why the nunc pro tunc order should not be vacated, the lien stricken from the record, and the scire facias quashed; that answer to the rule to strike off lien was filed; and that the rule was discharged. All this occurred before the affidavit of defense was filed. Neither the order permitting the affidavit of service of notice to be filed nunc pro tunc, nor the order discharging the defendant's rule to vacate that order, to strike off the lien and to quash the sci. fa., is assigned for error; and the petition upon which the former was granted, and the petition and answer which were before the court at the making of the latter order, are not printed in the appellant's paper-book. As the case is thus presented, we must treat the nunc pro tunc order as an absolute nullity— as an order which the court was without jurisdiction to make under any circumstances—in order to hold that the defendant was not bound to file an affidavit of defense to the merits. In other words, as we are not informed as to the grounds upon which the court acted in making the nunc pro tunc order and in refusing to vacate it and to strike off the lien, it must be presumed that there were valid reasons for its actions, if valid reasons can ever exist for such action. It will be seen, upon a moment's reflection, that there may be valid reasons for holding, in a particular case, that the failure to file the affidavit of service of notice of filing the claim within one month is not fatal. For example, if the delay in filing was at the request of the owner or was due to his fraudulent or tortious act, he, at least, would not be in position to insist that the lien be struck off, or to deny the power of the court to permit the affidavit to be filed with the same force and effect as if it had been filed within the month. These and other illustrations that might be cited are sufficient to show

that there may have been valid grounds for the court's action. Whether there were or were not, is a question which cannot be determined without knowing the facts alleged in the petitions and answer. In the absence of these and of exception or assignment of error to the court's action upon them, it cannot be declared that it was either erroneous or void. Not being questioned directly, and for present purposes being presumably valid, it necessarily follows that the appellant was not relieved from the duty of filing an affidavit of defense upon the merits.

The judgment is affirmed.