## Schoser v. Chaplin

*Maurice S. Cantor* and *John J. Aponick,* for plaintiff.
*James R. Scouton,* for defendant.

COUGHLIN, J., January 25, 1937.—Rule was taken in the aforesaid case, allegedly pursuant to the provisions of section 23 of the Mechanic's Lien Act of June 4, 1901, P. L. 431. Coupled with this as a basis for the motion, defendant cites section 52 of the Mechanic's Lien Act. The fundamental reason alleged for striking off the lien is that it was not filed within the proper period, nor notice of the filing served in accordance with the statute. However, a review of the claim indicates that the decision as to whether or not claimant in the mechanic's lien so failed is dependent upon when the work was finished. If the work was finished in accordance with the averments in the mechanic's lien, claimant has complied with the statute. If the work was finished at some other date, such as alleged by defendant, the claim was defective.

There has been no hearing before the court. There have been no depositions, and the allegations of the petition, upon which the rule issued, are claimed by defendant to have been admitted because not answered.

Section 23 of said Act of 1901 says:

"The court shall from the pleadings, aided as to the material disputed facts, if any, by depositions or by a hearing at bar, make such order or decree as the facts shall warrant."

Without doubt, a failure to serve notice within the time specified would be sufficient ground for striking off the claim: O'Kane v. Murray, 252 Pa. 60; Thompson v. Radell, 42 Pa. Superior Ct. 105. There must be a filing within a month, following the filing of the claim, of an affidavit of service. Motion to strike off the mechanic's lien claim is in the nature of a demurrer thereto, and such a motion will prevail if the mechanic's lien is not thus self-sustaining under the statute. However, the proceeding here is not properly before us as a demurrer to the mechanic's lien, but if so considered the motion to strike off

cannot prevail. The action of defendant is to strike off the claim for matters dehors the record. This cannot be done: Hiestand v. Keath, 229 Pa. 149; Hudak v. Falasa et al., 25 Luz. L. R. Rep. 171.

The question which defendant seeks to raise may be raised on an affidavit of defense to the merits.

Section 23 of the Mechanic's Lien Act of 1901, providing a remedy by petition and rule thereon for any party having a lien against, estate in, or charge upon the property included in such claim, does not authorize the court, on application of the owner, to strike off a lien regular on its face for matters dehors the record. These matters may be raised as an issue on the issuing of the sci. fa. Defendant may force plaintiff, under the act, to proceed with the sci. fa. or be nonsuited. The act provides a method by which an issue of fact may be speedily determined.

"The question whether the notice required to be given by a contractor to the owner of an intention to file a mechanic's lien, has been served within the statutory period, is to be determined by the facts averred in the claim as filed, and not from matters outside of the record.

"The court of common pleas will not be justified in striking out and disregarding as defective the last two items of a mechanic's claim so as to leave all the earlier items subject to the objection that the notice of the intention to file a lien, was not served in time, where it appears that the alleged defective items are fully explained by the contract attached to the claim as filed and by the averments in the body of the claim": Northern Electrical Mfg. Co. v. Columbia Brewing Co., 47 Pa. Superior Ct. 96.

For reasons set forth in the aforesaid opinion, we enter the following order:

Rule to strike off mechanic's lien is dissolved and motion in support thereof denied.