## Laird Lumber Co. v. Billioni

*Albert E. Acker*, for plaintiff.

*William D. Irwin*, for defendants.

McKAY, J., July 11, 1957.—There is before the court a petition by plaintiff in a mechanics' lien proceeding for leave to amend the return of service of notice of having filed the lien.

On April 17, 1956, plaintiff, a subcontractor, filed the mechanics' lien in the office of the prothonotary of Mercer County at no. 17, June term, 1956. The lien was claimed against the house and lot of defendants in Lackawannock Township and is in the amount of $5,765.02, with interest.

On April 23, 1956, at the instance of plaintiff's attorney, the chief deputy sheriff of Mercer County, Alex Elliott, went to the restaurant and residence of defendants in Hickory Township and served upon them notices of having filed the lien. There was attached to one of the notices a copy of the lien, and to the other a paper intended as a copy of the lien, but in fact a copy of a lien filed by plaintiff against the property of another person, Flora Moskovitz. The notices, however, were identical with each other and read as follows:

"In the Court of Common Pleas of Mercer County, Pennsylvania, The J. G. Laird Lumber Company, Plaintiff, vs. Peter and Mary Billioni, husband and wife, owners or reputed owners, defendants; Peter and Mary Billioni, owners or reputed owners, take notice that The J. G. Laird Lumber Company has filed a mechanics' claim against the premises located on a certain lot of ground between the Mercer and West Middlesex Road and the so-called Big Bend Road in Lackawannock Township, Mercer County, Pennsyl-

vania, of which you are the owners or reputed owners, for the sum of $5,759.02 with legal interest to be added thereto. Said lien is filed in the Court of Common Pleas of Mercer County at No. 17 June Term, 1956 and filed on the 17th day of April, 1956. A true and correct copy of the said claim is herein enclosed. Albert E. Acker, Attorney for Claimant."

Mr. Elliott reported his service to the sheriff's deputy and clerk who typed the following endorsement on the original mechanics' lien and signed the sheriff's name, as she was authorized to do.

"April 27, 1956, served and made known to Peter Billioni the within named defendant by handing a true and attested copy of the within Mechanics' Lien to Peter Billioni at 12:35 P.M., E.S.T., at E. State St., Hickory Twp., Sharon, Mercer Co., Pa., the place of business of said defendant     *J. R. Knowles* Sheriff
a.e.

"April 27, 1956, served and made known to Mary Billioni, the within named defendant by handing a true and attested copy of the within Mechanics' Lien to Mary Billioni at 12:35 P.M., E.S.T., at E. State St., Hickory Twp., Sharon, Mercer Co., Pa., the place of business of said defendant.   *J. R. Knowles* Sheriff
a.e.

"May 5, 1956, received of Albert E. Acker $10.50 being my costs this Writ.     *J. R. Knowles* Sheriff"
a.e.

It will be noted that plaintiff's return of service of the lien does not mention that the notice of having filed the lien was served. No formal affidavit of service of such notice was in fact entered on the record. Mr. Elliott is now no longer a deputy sheriff.

On December 17, 1956, a scire facias sur mechanics' lien with affidavit of ownership attached was filed and served upon defendant.

On January 14, 1957, defendants filed a motion to strike off the lien for various reasons, including the failure of plaintiff to file an affidavit setting forth the fact and manner of service of notice within one month after filing the lien. The motion also asked that the return of scire facias be quashed and that a more specific statement of the claim be required to be filed. A rule was granted upon plaintiff to show cause why the relief sought in the motion should not be granted. Defendants filed an answer to the motion and rule denying, inter alia, the averments in the motion as to the failure to file an affidavit setting forth the fact and manner of service of notice of having filed the claim.

On March 7, 1957, plaintiff filed the present petition averring that on April 20, 1956, three days after filing the mechanics' lien, a copy of the lien and an original notice to defendants of the filing of the lien setting forth the term, number, name of defendants, amount of the lien and the date on which the mechanics' lien was filed was delivered to the sheriff's office, and that on April 27, 1956, the said Alex Elliott served upon defendants the notice and copy of the lien at their residence and place of business. The petition further avers that the sheriff's return of service set forth the fact of service of the lien but failed to set forth the fact of service of the notice and prayed for a rule upon defendants to show cause why Alex Elliott should not amend his return of service in the form of an affidavit to set forth the service as actually made and as stated in the petition.

A hearing was held on April 16, 1957, at which the facts of service of the notice and of the making the return as above stated were developed. Mr. Elliott testified that he did not, at the time of the hearing, recall the exact contents of the papers but that he remembered distinctly making the service. Mary Billioni, the

wife defendant, however, admitted at the hearing that he served upon her the notice which we have quoted above.

Section 21 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, as amended, 49 PS §131, reads as follows:

"Within one month after the filing of the claims the claimant shall serve a notice upon the owner of the fact of the filing of the claim, giving the court, term and number, and the date of the filing thereof; and shall file of record in said proceedings an affidavit setting forth the fact and manner of such service . . ."

In the present case claimant caused a notice to be served upon the owners as required by the above quoted section, but failed to file of record an affidavit setting forth the fact and manner of such service. Instead, he used a deputy sheriff to make the service and another sheriff's deputy and clerk made the formal return which mentioned only the service of the lien itself.

The questions before us, therefore, are: (1) Whether the sheriff's return of service may be amended so as to include the fact that the notice of the filing the lien was also served; and (2) whether the return may be amended so as to be couched in the form of an affidavit. The motion to strike off the lien is not presently before us, but is held in abeyance for future argument and disposal.

At the outset, it may be noted that our courts have construed the Mechanic's Lien Act in general and section 21 in particular to require strict compliance by claimant with the provisions of the act if he is to enjoy its benefits. For example, in the case of O'Kane v. Murray, 252 Pa. 60, claimant did not serve the notice of the filing of his claim upon defendant. Instead, service of the notice was accepted by defendant's attorney. The case arose prior to the amendment which

permitted such acceptance of service: Act of April 5, 1917, P. L. 42, sec. 1. At the trial of the issues raised by the scire facias sur mechanics' lien, the trial judge directed a verdict for defendant for that reason. In affirming judgment for defendant, the Supreme Court stated, page 67:

"The language of the provision is clearly mandatory and if the claimant fails to serve the notice and file the required affidavit, within one month after the filing of the claim, it is ground for striking off the claim. A compliance with the provision is a prerequisite to the validity of the lien, and the failure to observe it invalidates the lien. The purpose of the provision is apparent. It is to protect the owner by furnishing him an opportunity while the facts are accessible to ascertain if the claim is correct, if the labor and materials were furnished as set forth in the lien, and if the claim has been properly and legally entered so as to bind his real estate. In a large building operation there may be many parties entitled to file claims, and it is important to the owner that the several claimants give him the notice required by the statute. The manifest importance of the provision clearly shows that the legislature intended it should be mandatory, and the failure to comply with it should invalidate the lien. The right to file a mechanic's lien, as has been uniformly held by all the courts, is of statutory origin. No such right existed at common law. It is class legislation and, therefore, must be strictly construed. If a party desires to avail himself of it, he must comply strictly with the provisions of the statute conferring the right. Nothing is presumed in favor of the lien: Schively v. Radell, 227 Pa. 434, 443. When the act of assembly directs specifically that a particular thing shall be done in order to establish a claim, substantial conformity will not answer; there must be a compliance with the requirement: Westmore-

land Guarantee Bldg. & Loan Assn. v. Connor, 216 Pa. 543, 549."

The principle of strict construction announced in the O'Kane case has been consistently[1] applied in a large number of cases in which the failure to comply with the mandatory provisions of section 21 has resulted in the lien being stricken from the record.[2]

It is apparent, therefore, that if claimant in the present case had failed to cause the notice of service of filing the lien to be served upon defendants or if, having caused the notice to be served, he failed to file a timely record of that fact in the office of the prothonotary, a petition for leave to serve the notice or to file an affidavit of service nunc pro tunc would have to be

---

[1] There are occasional statements in the earlier cases to the contrary, as in Irish v. Harvey & Co., 44 Pa. 76, where in holding that the failure of the prothonotary to index a lien in the mechanics' lien docket the court stated that a similar earlier act was to be construed liberally.

In the case of Lilly v. Jaggard, 48 Pa. Superior Ct. 439, it was stated that the court has power to allow a claimant to file an affidavit of service of notice nunc pro tunc after the statutory period has elapsed if the reasons for the delay are valid. The opinion intimates, however, that such valid reasons would be rare, being limited to fraud on the part of defendant and the like.

A few lower courts have expressed the view that the court has the power to refuse to strike off a lien which fails to comply with the provisions of the act where the result of striking it off would be inequitable: Gerrard v. Ecker, 12 Dist. R. 332; Compton v. Sankey, 13 Dist. R. 535. This view, in our opinion, does not represent the law.

It should be noted, however, that the principle of liberal construction of the Mechanic's Lien Act in general does not apply to section 51 of the act, which deals with amendments. That section is to be liberally construed: May v. Mora, 50 Pa. Superior Ct. 359; Steinitzer v. Scholl, 24 Dist. R. 719; Raymond v. Brookside Distilling Products Corp., 44 Lack. Jur. 181.

[2] A. Where the notice of filing was not served: O'Kane v. Murray, supra; Samango v. Hobbs, 167 Pa. Superior Ct. 399; Craighill v. Cawley, 64 Pitts. L. J. 796; Rozell v. Dubin, 40 Lack. Jur. 3; Sears

denied. To permit either would be to enlarge the time for serving the notice or filing the affidivit of service beyond the period provided by the statute which is not within the power of the court: Compton v. Sankey, 13 Dist. R. 535; Flenagin v. Kearns, 66 Pitts. L. J. 848.

In the case at bar, however, an appropriate notice of the filing of the lien was duly served upon defendants and a timely return was made by the sheriff stating, at least, that the lien itself had been served. Why then may the record of that return not be amended to state the fact that the notice of filing the lien was also served? Viewing the matter broadly, the service of the lien in itself amounts to giving notice of the filing of the lien, for the copy of the lien contains all of the facts required by the statute to be included in the notice of filing. Since the sheriff's return discloses that within one month of filing the lien claimant, through a deputy sheriff served the lien itself, to permit the return to be amended to include the fact that the notice of filing was served along with the lien would seem to be proper, unless there is some reason or authority which would bar such action.

Roebuck & Co. v. Grey, 28 Northumberland 355; Fewkes v. Gilmore, 80 Pitts. L. J. 498; Pressel & Son v. Platts, 55 York 61.

B. Where no affidavit of service was filed: Thompson v. Radell, 42 Pa. Superior Ct. 105; Hicks v. Riebling, 54 Pitts. L. J. 109; Buechley v. Steidel, 25 Schuyl. 27; Scoppitti v. Scarborough, 41 Del. Co. 116.

C. Where the service was not made in time: Mock v. Roscoe, 14 Dist. R. 774.

D. Where the affidavit was not filed in time: Pedlow v. Levenstein, 19 Del. Co. 182; Brobst v. Boone, 25 Luz. 256.

E. Where the notice given was oral: George Walter & Sons v. Powell, 13 Dist. R. 667; Compton v. Sankey, 13 Dist. R. 535; Burns v. Judge, 10 Northumberland 80.

F. Where the notice failed to state the number and term at which the notice was filed: Oyer v. Coble, 71 D. & C. 293.

On the contrary, the court has ample power to amend a paper filed of record, even in the absence of statutory authority: Christ v. Dubosky, 261 Pa. 297. And in the case of mechanics' liens, that power has been made explicit by the act creating them.

Section 51 of the Act of June 4, 1901, P. L. 431, sec. 51, 49 PS §243, states that:

"Any claim, petition, answer, replication, scire facias, affidavit of defense, or *other paper filed of record*, may be amended from time to time by agreement of the parties, or by leave of the Court, upon petition for that purpose, under oath or affirmation, setting forth the amendment desired, that the averments therein contained are true in fact, and that by mistake they were omitted from or wrongfully stated in the particulars as to which the amendment is desired. Such amendment shall be of right, saving intervening rights; . . ." (Italics supplied)

As we have noted above[3] this section is to be liberally construed. There are many illustrations in the reported cases of amendments allowed under the above section.

In 12 Standard Pa. Practice 144, it is stated: "If the affidavit of service is defective and the service itself unexceptionable, the affidavit may be amended." The authority cited for that statement is the case of Boettiger v. Weber, 22 Dist. R. 477. In that case it was held that where the affidavit of service has been filed in time and there has been an attempt to comply with the act, the affidavit may be amended, it being a "paper filed of record" within the meaning of section 51 of the act.

In Chapin Lumber Company v. Zagorski, 38 Luz. 57, it was held that the affidavit of service could be amended to show that service of notice was accepted by counsel for husband and wife defendants although

---

[3] See footnote 1.

the original affidavit merely stated that it was served on defendant husband.

The court allowed the record of date of filing an affidavit of notice to be amended to conform with the correct date in the case of Christ v. Dubosky, 261 Pa. 297. In Weiser v. Seaboard Steel Corp., 1 D. & C. 717, in which the sheriff left an affidavit of service of notice in the prothonotary's office where the paper was lost, the record was amended to permit a carbon copy to be filed in lieu of the original. Similarly, where the notice was filed at the wrong term due to an error by the prothonotary, the record was amended and the affidavit transferred to the correct term in Killen v. Carson, 21 Dist. R. 787.

In the case of Nagle v. Lehigh Saengerbund, 14 Dist. R. 472, the court stated that if a proper notice has been served, the record may be amended to so show.

In Houseworth v. Weyant, 78 D. & C. 211, an affidavit of service of notice, filed under section 21 of the Mechanic's Lien Act, was amended by leave of court by attaching thereto a copy of the notice.

In view of the above authorities, we are of the opinion that the petition to amend the sheriff's return so as to show that the notice of filing the lien was served upon the defendants with the lien itself, should be allowed. While it does not appear that there are any intervening rights, such rights, if any exist, are of course protected by the statute.

The second question is whether the record represented by the return may be amended so as to be phrased as an affidavit. In our opinion, this question likewise should be answered in the affirmative. It is true that the Mechanic's Lien Act makes no provision for service of notice by the sheriff but only by plaintiff or his agent.

In our opinion, however, the formal return of the sheriff is the full equivalent of the affidavit of a private individual as evidence of the serving of legal papers. It is common procedure for statutes or rules permitting legal papers to be served by an individual to require that a return of such service be sworn to, whereas when the return is made by an official whose duty includes the serving of legal papers, as a sheriff, a formal return, instead of an affidavit, is required.[4] The reason underlying this distinction is that the latter's original oath of office applies to all his subsequent official acts. The deputy who served the notice, however, is now no longer in office. Hence, for this reason, as well as to permit the exact wording of section 21 to be complied with, plaintiff is entitled to an amendment of the return that will state the true facts in the form of an affidavit and to file it as of the date of the original return.

### Order

Now, July 11, 1957, it is ordered that the rule to amend the return of service of notice of filing a lien in the above entitled case be made absolute, and that plaintiff may file of record an affidavit of Alex Elliott setting forth the service of notice of lien in the above entitled case as actually made by him on April 23, 1956, said affidavit to be filed as of April 27, 1956, the date of the return as originally made.

### Exception

And now, July 11, 1957, to the foregoing order of the court, counsel for defendants excepts, and, eo die, a bill of exceptions is sealed for defendants.

---

[4] For example, Pa. R. C. P. 1124(d) permitting service of a complaint in divorce by a private individual as well as by the sheriff states: "Proof of service or of notice, if made by a person other than the sheriff shall be by affidavit."

*Supplemental Opinion*

McKay, J.—In the original opinion in the above entitled case which was filed December 26, 1957, one of the questions discussed was the effect of the failure of the claim to aver whether plaintiff was a corporation or some other entity. We pointed out in the opinion that the claim avers specifically that claimant is a corporation.

It has since developed that due to an inadvertance, the copy of the claim which was delivered to counsel for defendant and upon which he based his objection did not contain the averment that plaintiff was a corporation, although the original claim did.

While this matter is of no moment and does not affect the order heretofore filed, fairness to counsel for defendant requires that the above fact be noted of record.