# Day and Zimmermann, Inc., v. Blocked Iron Corp. of America

*Lewis H. Van Dusen, Jr.*, and *Drinker, Biddle & Reath*, for plaintiff.

*H. Francis DeLone* and *Barnes, Dechert, Price, Myers & Rhoads*, for defendant.

WATERS, J., August 6, 1958.—An appeal having been taken in the above-captioned matter, this opinion is filed in accordance with the mandate set forth in Supreme Court rule 43.

On October 11, 1957, plaintiff filed a mechanic's lien against the interest of defendant as lessee of land occupied by defendant's plant for the production of blocked iron. The lien purported to cover the plant as well as the land. Notice of the filing of the lien was given on October 14, 1957, by plaintiff to H. Francis DeLone, Esq., as attorney for defendant, and that notice was formally accepted by defendant's counsel by letter dated November 1, 1957. On February 11, 1958, defendant filed a petition to strike the mechanic's lien based on the fact that plaintiff did not file an affidavit of acceptance of notice of claim as required by

section 21 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, as amended by the Act of April 5, 1917, P. L. 42, sec. 1, 49 PS §131.

On February 17, 1958, without prejudice to its position that no affidavit was required by law, plaintiff filed an affidavit of acceptance of notice of mechanic's lien setting forth the fact that notice was accepted by defendant's attorney. On February 24, 1958, plaintiff also filed a petition for leave to file an amended statement of claim of mechanic's lien.

It is unnecessary for us to further set forth the factual background and contract between the parties which formed the basis of this dispute, because we were of the opinion that the court was required to strike the lien as a result of plaintiff's failure to file an affidavit of service as required by the Mechanic's Lien Act.

Prior to 1917, section 21 of the Mechanic's Lien Act provided as follows:

"Within one month after the filing of the claim, the claimant shall serve a notice upon the owner of the fact of the filing of the claim, giving the court, term and number and the date of filing thereof, and shall file of record in said proceedings an affidavit, setting forth the fact and manner of such service. A failure to serve such notice and file an affidavit thereof within the time specified, shall be sufficient ground for striking off the claim."

In O'Kane v. Murray, 252 Pa. 60 (1916), the court discussed the requirements of section 21 of the Act of 1901. In that case, the operative fact was to the effect that no notice of the filing of a mechanic's lien was served upon the owner but that notice was accepted by the owner's attorneys. There was filed of record a copy of the notice of the filing of the lien with an endorsement of the acceptance of service by the owner's attorneys. Mr. Justice Mestrezat stated on behalf of a unanimous court the following, at pages 67-69:

"Section 21, of the Act of 1901, requires the claimant within one month after the filing of the claim to serve a notice upon the owner of the fact of the filing of the same, and to file of record in the proceedings an affidavit, setting forth the fact and manner of such service. This section also provides that a failure to serve the notice and file the affidavit within the specified time shall be sufficient ground for striking off the claim. The notice of the filing of the claim was not given to Murray, but service of the notice was accepted by his attorneys. The plaintiff contends that a substantial conformance with this section of the statute is all that is required, and that the section will not be construed to be mandatory unless it would be inequitable to allow the lien to remain. This contention entirely overlooks the well established rules applicable to the interpretation of mechanic's liens. The language of the provision is clearly mandatory and if the claimant fails to serve the notice and file the required affidavit, within one month after the filing of the claim, it is ground for striking off the claim. A compliance with the provision is a prerequisite to the validity of the lien, and the failure to observe it invalidates the lien. The purpose of the provision is apparent. It is to protect the owner by furnishing him an opportunity while the facts are accessible to ascertain if the claim is correct, if the labor and materials were furnished as set forth in the lien, and if the claim has been properly and legally entered so as to bind his real estate. In a large building operation there may be many parties entitled to file claims, and it is important to the owner that the several claimants give him the notice required by the statute. The manifest importance of the provision clearly shows that the legislature intended it should be mandatory, and the failure to comply with it should invalidate the lien. The right to file a mechanic's lien, as has been uni-

formly held by all the courts, is of statutory origin. No such right existed at common law. It is class legislation and, therefore, must be strictly construed. If a party desires to avail himself of it, he must comply strictly with the provisions of the statute conferring the right. Nothing is presumed in favor of the lien: Schively v. Radell, 227 Pa. 434, 443. When the act of assembly directs specifically that a particular thing shall be done in order to establish a claim, substantial conformity will not answer; there must be a compliance with the requirement: Westmoreland Guarantee Bldg. & Loan Assn. v. Connor, 216 Pa. 543, 549. The notice directed to be given by this section of the statute is equally as important as the notice of an intention to file the lien required by Section 8 of the act, and in the recent case of Merrit v. Poli, 231 Pa. 611, 617, we held that 'service of this notice must be made in the manner prescribed by the statute, and failure to do so defeats the right to recover upon the claim filed.' Where service of the scire facias on the claim and to revive the judgment on the claim cannot be made personally, the act provides specifically the manner in which it may be otherwise made. The statute is explicit as to service of notice on the owner and directs that within the statutory period notice shall be given him, and that an affidavit shall be filed of record setting forth the fact and the manner of service of the notice. The penalty for failing to observe the command of the statute is, as the act provides, avoiding or striking off the lien and thereby depriving the claimant of the special provision made by the act for enforcing the claim. The act might have provided that notice be given the owner, his agent or attorney, or that notice might be served upon the owner by leaving a copy at his residence, or that service of notice might be accepted by his agent or attorney, as provided in serving the scire facias, but the only department of the government,

having the authority to enact the legislation, has not seen proper to make such provision for service of the notice to the owner of property encumbered by the lien, and that is conclusive as to our right to determine that the notice shall be given otherwise than is specifically directed in the statute. We can have no concern with the wisdom or propriety of this or any other provision of the statute; that is solely for the legislative department of the government.

"Analogous provisions in statutes of other states authorizing the filing of mechanic's claims have received a like construction: Street Lumber Co. v. Sullivan, 201 Mass. 484; Gross v. Butler, 72 Ga. 187; Conway & Co. v. Crook, 66 Md. 292; Peck v. Hinds, 68 Ill. App. 391; Ryan v. Kelly, 9 Mo. App. 396; Hannah & Lay Mercantile Co. v. Mosser, 105 Mich. 18.

"We are of opinion that Section 21, of the Act of 1901, is mandatory, and that the acceptance of notice of the filing of the lien by Murray's attorneys was not a compliance with the provision contained in the section, and, therefore, the learned court below was right in entering judgment in his favor non obstante veredicto."

In Samango v. Hobbs, 167 Pa. Superior Ct. 399 (1950), it was held that a failure to comply with the requirements of section 21 of the Act of 1901, as amended, by filing an affidavit setting forth the fact and manner of such service entirely invalidates the lien. The same conclusion was reached in Thompson v. Radell, 42 Pa. Superior Ct. 105 (1910), and the lien was stricken off.

Section 1 of the Act of 1917 amended section 21 of the Act of 1901 to read as follows:

"Within one month after the filing of the claim, the claimant shall serve a notice upon the owner of the fact of the filing of the claim, giving the court, term and number, and the date of filing thereof; and shall

file of record in said proceedings an affidavit setting forth the fact and manner of such service. Service of the notice may be accepted by the owner's attorney; or the claimant, his agent or attorney, may serve the notice upon the owner in any of the methods now provided for by law in the case of a summons; or, if for any cause service by any of the aforesaid methods cannot be had, then by posting the notice upon the property described in the claim and by mailing a copy thereof to the owner at his last known residence. A failure to serve such notice or post it, or have service accepted as herein provided, and to file an affidavit thereof within the time specified, shall be sufficient ground for striking off the claim."

We regarded this amendment as clear to the effect that it provided alternative methods of service of notice of the filing of a mechanic's lien. However, it did not relieve a claimant of the duty to "file an affidavit thereof" where the service was effected by means of acceptance of notice. The term "thereof" necessarily and reasonably refers back to the words "or have service accepted as herein provided."

Although no third party rights were affected by the failure to file the required affidavit, we are of the opinion that the lien was not properly perfected and that such defect was not curable. The rules of stringent construction referred to in the O'Kane case obtained in this case also and we regarded the direction as to the filing of an affidavit as mandatory, that "compliance . . . [was] a prerequisite to the validity of the lien, and the failure to observe it invalidate[d] the lien." See Associated Lumber & Manufacturing Company v. Mastroianni, 173 Pa. Superior Ct. 310 (1953).

Plaintiff has argued with considerable vigor that this court had discretion to refuse to strike the lien (citing Thompson v. Radell, 42 Pa. Superior Ct. 105 (1910) ; Weiser v. Seaboard Steel Corporation, 1 D. &

C. 717 (1921)), that the word "shall" in the phrase "shall be sufficient cause to strike the lien" is not used in a mandatory sense. We were of the opinion that defendant was entitled to have the lien stricken as a matter of law. However, if we had been of the opinion that claimant was correct in its contention, we would have exercised a discretion in its favor. Unfortunately, we considered the court to be without power to exercise any discretion in this matter.

We refused to grant plaintiff's petition for leave to file an amended statement of claim of mechanic's lien because we did not consider the defect in the lien to be curable. We were also of the opinion that it was unnecessary to allow an amendment to a defective lien because, if the time for completion of the work was extended into January 1958, instead of August 1957, there was ample opportunity for plaintiff to file a new and proper lien.

For the foregoing reasons we entered the order which is the subject matter of this appeal.